**Sukhvinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72476.
Agency No. A72–665–552.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 27, 2004.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Patrick Shen, Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

MEMORANDUM**

█ Petitioner Sukhvinder Singh's application for asylum and withholding of removal was denied by the Immigration Judge ("IJ") based on an adverse credibility finding. The Board of Immigration Appeals ("BIA") affirmed the IJ's ruling

without opinion. We do not find substantial evidence in the record to support the adverse credibility finding, and therefore grant Singh's petition for review.

Because the BIA affirmed the IJ's decision without opinion, it is the IJ's decision that is reviewed here as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's adverse credibility finding for substantial evidence. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). "Although the substantial evidence standard is deferential, an adverse credibility finding must be based on specific, cogent reason[s], which are substantial and bear a legitimate nexus to the finding." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (alteration in original) (internal quotation marks and citations omitted). "Conjecture" or "speculation" on the part of the IJ or BIA will not support an adverse credibility finding. *Maini v. INS,* 212 F.3d 1167, 1175 (9th Cir.2000). Moreover, "[i]f discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000) (internal quotation marks and citations omitted).

In the oral decision, the IJ only mentioned three bases for the adverse credibility determination. Although the government proposes additional inconsistencies that it detects in the record, we cannot affirm the agency decision on grounds upon which it did not rely. *See Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000).

The first reason the IJ gave for finding Singh incredible was Singh's perceived failure to mention in his initial asylum

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

declaration a speech that he gave at his college preceding his first arrest. But the declaration did appear to refer to the speech, even if not individually. It stated, in the third paragraph: "At a social gathering and religious festivals, I use to talk about hyprocratic policies of the Government and lack of unity among the Sikhs [sic]. Because these opinions, police arrested and tortured me two times [sic]." Singh's testimony revealed that he does not distinguish between the "social gathering and religious festivals" and the "conference" held at his college. The IJ's conclusion that these must be separate events was conjecture that cannot form the basis of an adverse credibility determination.

The second ground relied on by the IJ was that "this respondent simply failed to show whether he is who he's claimed to be," making particular reference to the two identification cards from India identifying him as a student in 1994, when he had in fact by that time left school and entered the United States. But no reason was given for rejecting Singh's explanation, which was that once he was in the United States, he understood that he needed some form of official identification to establish who he was and where he came from, so he asked his family, still in India, to obtain it, sending them photos to use for that purpose. That explanation is plausible and does not support an adverse credibility determination. As a description of his employment at that point, "student" may not have been literally correct, but it was not illogical. It is not clear what other characterization should have been used, since he was not working in India by then, and "emigrant" does not seem a likely description. There are people in this country who continue to describe themselves as students, even though they have left school, before they take on regular employment. That is simply not suspicious by itself. There was no other reason

cited to support the suspicion that the petitioner was not Sukhvinder Singh and was in fact somebody else.

The last ground the IJ cited to support the adverse credibility finding was that one of the exhibits "shows him without any haircut, shortly after his arrival in the United States." The IJ appears to suggest that a photo of Singh with short hair made it implausible that he was actually a Sikh. While Singh's short hair may cast doubt on whether in the United States he has maintained fidelity to the religious tenets of Sikhism, it is not easy to see how it impugns the veracity of his asylum claim. As proof that he is a Sikh, Singh provided two identification documents, one from his village and one from a Sikh temple. Without some indication that those documents are counterfeit, the IJ's reliance on a photo of Singh with short hair as proof that he is not a Sikh is mere speculation that cannot support an adverse credibility finding.

■ The IJ alternately said that he was unable to "give any weight at all" or was unable to "give much weight" to the medical report prepared by Dr. Laws unless the doctor was present for cross-examination. In the end, the IJ did not admit the report, and marked it as an exhibit for "identification" purposes only. "The test for admissible hearsay in removal proceedings is whether (1) the hearsay statement is probative and (2) whether its admission is fundamentally fair." *Abreu–Reyes v. INS,* 292 F.3d 1029, 1032 (9th Cir.2002) (citing *Baliza v. INS,* 709 F.2d 1231, 1233 (9th Cir.1983)). Although Dr. Laws' unavailability may have permitted the IJ to discount the weight of the report, he was mistaken if he believed as a matter of law that he could not give the report any weight at all. On remand, should the report again be offered and Dr. Laws again be unavailable to testify, the above test

should be applied to determine the admissibility of the medical report.

The single sentence by the IJ concerning Singh's risk of future persecution cannot constitute a finding that he does not have a well-founded fear of future persecution, as urged by the government. An applicant's fear of future persecution is assessed by a two-part test, with both a subjective and an objective component. *See, e.g., Melkonian v. Ashcroft,* 320 F.3d 1061, 1064–65 (9th Cir.2003). The IJ did not apply this test, nor point to any evidence in the record to support the conclusory statement that Singh does not face a risk of future persecution.

Because the IJ's adverse credibility determination is not supported by substantial evidence, we grant Singh's petition for review. On remand, the BIA shall treat Singh's credibility as established, and determine whether he is otherwise statutorily eligible for asylum and withholding of removal. *See He v. Ashcroft,* 328 F.3d 593, 604 (9th Cir.2003) ("The INS, having lost this appeal, should not have repeated opportunities to show that Mr. He is not credible any more than Mr. He, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

**PETITION GRANTED; CASE REMANDED.**